UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 9:2014-CIV-81162-ROSENBERG/BANNON

ROBERT ALLEN TRIBBLE, "JR."

    Plaintiff,
vs.

STEPHANIE TEW, ERIC M. JESTER, ADAM
FOX, JUPITER RANDOLPH 18, LLC, a Florida
limited liability company; NELSON SCHEERER JR.,
DEBORAH D. SCHEERER, ABE SAADA, JAMES
SAADA, and BRAD RIGHTLER,

    Defendants.
_____/

**DEFENDANTS', JUPITER RANDOLPH 18, LLC, ABE SAADA, AND JAMES SAADA, MOTION TO LIFT STAY FOR LIMITED PURPOSE OF DISCHARGING LIS PENDENS AND REQUEST FOR JUDICIAL NOTICE**

Defendants Jupiter Randolph 18, LLC ("Jupiter"), Abe Saada ("Abe), and James Saada ("James", collectively with Abe and Jupiter, "Jupiter Defendants"), through undersigned counsel, moves this Court for an order lifting the stay of this action for the limited purpose of dissolving the improper lis pendens filed by Plaintiff, and requests that the Court take judicial notice of the proceedings identified below, and in support thereof state as follows:

**Introduction**

Plaintiff Robert Allen Tribble, "Jr." ("Tribble") commenced this action in September 2014. This case is the most recent in a series of litigation between Tribble and Jupiter Defendants in both state and federal court arising from Tribble's appropriation of

1

certain real estate belonging to the Jupiter Defendants and various other offenses for which Tribble was subsequently investigated by law enforcement.  In fact, Defendants Stephanie Tew, Assistant Florida Statewide Prosecutor, Defendant Eric M. Jester, special agent with the Florida Department of Law Enforcement, and Adam Fox, Palm Beach County Sheriff's Deputy, are named in this action as a result of their involvement in the related criminal proceedings.  Counts 14, 16, 17, and 18 of Tribble's Amended Complaint [D.E. 13] are the only ones directed towards the Jupiter Defendants.

At the outset of the Amended Complaint [D.E. 13], Tribble appears to assert that he is entitled to recovery against Jupiter Defendants pursuant to "18 U.S.C.A.: 2520(a)" and "42 U.S.C.A. 1983," as well as various violations of certain Articles of the Constitution.  "Title 18 U.S.C. § 2511(1) makes it illegal for any person to intentionally intercept, use, or disclose any wire, oral, or electronic communication. A person whose conversations are recorded and disclosed in violation of said proviso is entitled to civil damages under 18 U.S.C. § 2520." *Menda Biton v. Menda*, 812 F. Supp. 283, 284 (D.P.R. 1993).

42 U.S.C. § 1983, Section 1983 of the Civil Rights Act of 1871, creates a cause of action for damages against any person acting "under color of any statute, ordinance, regulation, custom, or usage of a State or Territory or the district of Columbia, [who] subjects or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *Id.*  To state a claim for relief under § 1983, a cause of action must state that (1) the plaintiff has been deprived of a right, privilege, or immunity secured by the Constitution and (2) that she

2

was deprived of same under the auspices of governmental authority  *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

Subsequent to the filing of this action, Judge Cheryl Caracuzzo issued an Amended Final Judgment in the matter styled *Jupiter Randolph 18, LLC v. Robert Allen Tribble*, Case No. 502014CA0000381, in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida (the "State Case")  in which Judge Caracuzzo found in favor of Jupiter and against Tribble, cancelling Tribble's fraudulent deed filed against the property located at 17088 Randolph Siding Road and 10153 Randolph Siding Road, Jupiter, Florida 33478 (the "Property") and returning the Property to the possession of Jupiter.  A true and correct copy of the Amended Final Judgment is attached as Exhibit 1 and Jupiter Defendants request that the Court take judicial notice of the status of this proceeding and the facts therein pursuant to Federal Rule of Evidence 201.  Tribble has exhausted his appeals in the State Case, as evidence by the Mandate issued by the Fourth District Court of Appeal in that matter as well as the Order Dismissing Case from the Florida Supreme Court, true and correct copies of which are attached as Composite Exhibit 2.

This Court stayed the instant case in its Order Staying Case [D.E. 67] entered on August 3, 2016.  Nevertheless, Tribble filed a Lis Pendens in this action on September 16, 2016 [D.E. 68], against the Property, which was subsequently recorded in the Public Records of Palm Beach County Florida at Official Records Book 28630, Page 1012.  Tribble has failed to state a claim against the Jupiter Defendants in this action that would support the filing of a lis pendens under the relevant statute and the Lis Pendens [D.E. 68]

3

was filed after this case was stayed by the Court.  Thus, the case should be reopened for the limited purpose of discharging the patently improper Lis Pendens.

## Memorandum of Law

### A.  Legal Standard

This Court has broad discretion to lift the stay of its own proceeding.  *See, e.g., Malygin v. Zakheim & Lavrar, P.A.,* No. 8:15-CV-2925-T-33AEP, 2017 WL 119774, at *3 (M.D. Fla. Jan. 12, 2017).  Florida's lis pendens statute provides that a lawsuit may operate "as a lis pendens on any real or personal property involved therein or to be affected thereby"; however, if the "pending pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed [under Florida's construction lien statute]…the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions."  § 48.23(1)(a); (3), Fla. Stat. (2016).  Under  § 48.23(3), the Court should require a bond be placed by the party filing the lis pendens as it would for an injunction where the complaint does not show the action is founded on a duly recorded instrument.  *See Suarez v. KMD Const., Inc.*, 965 So. 2d 184, 187 (Fla. 5th DCA 2007).

"A complaint which will not support a claim against the specific property at issue cannot provide a basis for tying it up by a filing of notice of lis pendens." *Lake Placid Holding Co. v. Paparone*, 414 So.2d  564, 566 (Fla. 2d DCA 1982).  "An action for money only, even if it relates to specific real property, will not support a lis pendens." *In re Cameron*, 359 B.R. 823, 824 (Bankr. M.D. Fla. 2006) (citations omitted).

4

### B. Tribble has failed to state a claim against the Jupiter Defendants involving the Property, and as such, the lis pendens is improper and, at minimum, a bond should be required.

Counts 14, 16, 17, and 18 of Tribble's Amended Complaint [D.E. 13] are directed towards the Jupiter Defendants and approach causes of action based upon monetary damages that do not involve ownership or use of the Property, to the extent that these claims state a claim at all.[1]

In Count 14, Tribble alleges that Jupiter, through Abe and James, as its principals, "conspired to devise and execute a scheme to defraud" Tribble through making unidentified "false statements" to law enforcement officials. Am. Complaint [D.E. 13], ¶¶ 45-49. Tribble appears to assert that these allegations support a claim for violation of the Fourth and Fourteenth Amendments of the U.S. Constitution. The Jupiter Defendants are private individuals/entity – Tribble acknowledges as much in the Amended Complaint. Am. Complaint, [D.E. 13], p. 1. Thus, not being governmental actors, they cannot violate Tribble's Fourth and Fourteenth Amendment rights under the U.S. Constitution. Moreover, to the extent that Tribble is attempting to allege conspiracy to support a claim against the Jupiter Defendants as non-state actors under 42 U.S.C. § 1983, or state law claims for conspiracy or fraud, he has failed to state any facts that would give rise to a lis pendens on the Property or show that the action was founded on a duly recorded instrument.

Counts 16 and 17 suffer from the same defects as Count 14. In Count 16, Tribble

---

[1] Jupiter Defendants have filed a Motion to Dismiss for Failure to State a Claim [D.E. 26] in this case, but resolution of same was delayed due to this action being stayed. To the extent relevant, Jupiter Defendants incorporate the arguments made in the Motion to Dismiss here regarding Tribble's failure to state claims involving a lis pendens.

alleges that the Jupiter Defendants violated the Fourth and Fourteenth Amendments by trespassing, breaking and entering, and seizing certain video cameras "under the authority" of the Law Enforcement Defendants from Tribble's property. Am. Complaint [D.E. 13], ¶¶ 58-60.  Count 17 purports that the Jupiter Defendants "conspired" with the Law Enforcement Defendants and made misrepresentations to permit the seizure of Tribble's property. Am. Complaint [D.E. 13], ¶¶ 61-64. Again, Tribble sets forth no factual allegations that would support the issuance of lis pendens under § 48.23, Fla. Stat. (2016).

Finally, Count 18 alleges that the Law Enforcement Defendants conspired with the Jupiter Defendants to "repeatedly intercept, search & seize Tribble's, oral, wire and mail communications" in violation of "18 U.S.C.A.:2520(g) and (a); and 42 U.S.C.A.: 1983." Am. Complaint [D.E. 13], ¶¶ 66-68.  Again, this claim has no bearing on the Property and is insufficient to support a lis pendens.

Even if this Court were to allow Tribble to maintain the Lis Pendens, he should be required to post a bond in the amount of at least $600,000.00 in order to do so as the Property has been determined by the Palm Beach County Property Appraiser to be worth in excess of $500,000, and the Lis Pendens would impair any potential sale or valuable use of the Property by Jupiter Randolph.[2]  *See Suarez v*. 965 So. 2d  at 187.

### C. Tribble inappropriately filed the lis pendens in this action after the Court stayed the proceedings.

This Court stayed these proceedings in its Order Staying Case [D.E. 67] on August

---

[2] True and correct copies of the records of the Palm Beach County Property Appraiser concerning the valuation of the Property are attached as Composite Exhibit 3.

3, 2016. Tribble did not file his Lis Pendens in this action until September 16, 2016 [D.E. 68]. Tribble's Lis Pendens is therefore untimely and should be discharged as it violates this Court's Order staying these proceedings.

### D. Conclusion

Because the claims in this action by Tribble against the Jupiter Defendants do not meet the standard for supporting a lis pendens under Florida law and the Lis Pendens was filed after this action was stayed, the Lis Pendens filed by Tribble against the Property should be discharged. If Tribble is permitted to maintain the Lis Pendens, he should be required to post a bond in order to do so given the value of the Property and the tangential nature of his claims in relation to it.

WHEREFORE, Defendants, Jupiter Randolph 18, LLC, Abe Saada, and James Saada respectfully request the Court (a) lift the stay of this action for the limited purpose of discharging the Lis Pendens [D.E. 68], (b) enter an Order discharging the Lis Pendens, and (c) grant such further relief as this Court deems just and proper.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 16, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF and via U.S. Mail to Plaintiff, Robert

Allen Tribble, Jr., *pro se*, c/o Martin County Jail, 800 SE Monterery Road, Stuart, Florida 34994.

        **MINERLEY FEIN, P.A.**
Attorneys For Defendants
1200 North Federal Highway, Suite 420
Boca Raton, Florida  33432
Telephone: (561) 362-6699
Facsimile:  (561) 447-9884

By:/s/ Stephanie Griffin
Kenneth L. Minerley
Fla. Bar No. 0521840
ken@minerleyfein.com
Stephanie Griffin
Fla. Bar No. 85019
stephanie@minerleyfein.com
Secondary E-mail:
Fileclerk@minerleyfein.com
Litigation@minerleyfein.com